# EXHIBIT A

IN THE CIRCUIT COURT OF DECATUR COUNTY
AT DECATURVILLE, TENNESSEE

EMILY FERGUSON, AMY V. BAUCOM ]
and MCKELLAMY, INC. ]
]
        **PLAINTIFFS** ]
]
]
VS. ] NO. _____
]
]
]
]
CNA, 333 S. Wabash Ave., Floor 39, ]
Chicago, IL 60604 ]
]
        **DEFENDANT** ]

FILED JUN 13 2014 8:35AM
DANNY TANNER, CIRCUIT COURT CLERK
BY _____ DEPUTY CLERK

STATE OF TENNESSEE, DECATUR COUNTY
I, THE UNDERSIGNED CIRCUIT COURT CLERK
DO HEREBY CERTIFY THAT THIS IS A TRUE
AND CORRECT COPY OF THE ORIGINAL OF THIS
INSTRUMENT _____ IN THIS
CAUSE, IN MINUTE BOOK ___ PAGE ___
THIS ___ DAY OF _____, 20__
DANNY TANNER, CLERK
BY _____ D. CLERK

**COMPLAINT**

    This is a suit by the plaintiffs seeking to have the Court declare that the defendant is liable for a claim filed and awarded against the plaintiffs, that the defendant is in bad faith for its failure to cover and to defend pursuant to T.C.A., Section 56-7-103(a)-(c). In support of their position, the plaintiffs doth say:

1. Since 1994, Emily Ferguson and her employee, Amy V. Baucom have been covered under an accountant professional liability policy and since October 2012, McKellamy, Inc., has been covered under a policy. The terms of those policies are set out in Attachment 1. The insured on the attached policy is McKellamy, Inc., but it is the same policy terms which covered Emily Ferguson in those prior years. The policy is underwritten by CNA, but correspondence from CNA often refers to Continental Casualty. This can be seen from Attachment 4.

2. In May of 2013, both Emily Ferguson and McKellamy, Inc., sent to CNA on the forms they had been provided notice of a possible claim by McFall Construction. (See Attachment 2)

3. On Aug. 5, 2013, McFall construction Company sent a demand letter. (See Attachment 3)

4. On Sept. 17, 2013, a representative of CNA wrote a letter to McKellamy, Inc., explaining CNA's position that no coverage existed. It is believed no response was ever made to Emily Ferguson's notice. (See Attachment 4)

5. On Nov. 13, 2013 Counsel for the plaintiffs wrote Mr. Campione with attachment responding to his letter of Sept. 17. (See Attachment 5). This letter was ignored.

6. On Jan. 23, 2014, McFall Construction Company filed a lawsuit against the plaintiffs set forth above. (See Attachment. 6)

7. On Jan. 28, 2014, Counsel sent this McFall complaint to Mr. Campione and called upon CNA to offer a defense and restating his position relative to the Sept. 17 letter. (See Attachment 7). This letter was ignored.

8. On March 17, McFall filed a Motion for Default against the above plaintiffs. (See Attachment 8) On March 18, 2014, Counsel sent a third letter to Mr. Campione (See Attachment 9) advising him of the Default Judgment motion. This third letter was ignored.

9. On April 8, 2014, a Default Judgment was entered against the plaintiffs. (See Attachment 10)

2

10. On April 17, 2014, Counsel for the plaintiffs called Mr. Campione, who wrote a letter dated April 21, 2014 denying coverage, but under a totally different theory as his Sept. 2013 letters. (See Attachment 11)

11. CNA is guilty of bad faith under T.C.A., Sec. 56-7-103(a) and presumptive bad faith under T.C.A., Sec. 56-7-103(c). It should pay a penalty of 12.5% pursuant to T.C.A., Sec. 56-7-103(b).

WHEREFORE, premises considered, the plaintiffs pray that they be awarded a judgment against CNA or its subsidiary in the amount of $217,375.88, which amount shall be held in trust for McFall and $27,171.98 as penalty of twelve and one-half (12.5%) percent and for such other relief as they may be entitled.

**BATES & BATES LAW OFFICE:**

_____
DOUGLAS THOMPSON BATES, III
(BPR #002647)
ATTORNEY FOR PLAINTIFFS
406 W. PUBLIC SQ
2ND FLOOR BATES BLDG.
P.O. BOX 1, CENTERVILLE, TN 37033
PHONE: 931-729-4085   FAX: 931-729-9888

**I AM SURETY FOR COSTS NOT TO EXCEED $1,000.**

_____
DOUGLAS THOMPSON BATES, III

3